UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 07-21575-CIV-O'SULLIVAN

[CONSENT]

RICARDO RODRIGUEZ, and all
others similarly situated under 29
U.S.C. § 216(B),

    Plaintiff,

v.

DIEGO'S RESTAURANT, INC. et al.,

    Defendants.

_____/

## ORDER

THIS MATTER came before the Court on Plaintiff's Motion for Final Default Judgment Against Defendants (DE# 48, 9/19/08), Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction (DE# 50, 10/1/08), Defendants' Motion for Relief from Judgment (DE# 51, 10/1/08) and Plaintiff's Motion for Sanctions (DE# 53, 10/3/08). Having reviewed the applicable filings and the law and for the reasons stated at the April 14, 2009 hearing, it is

ORDERED AND ADJUDGED that Plaintiff's Motion for Final Default Judgment Against Defendants (DE# 48, 9/19/08) is **GRANTED**. It is further

ORDERED AND ADJUDGED that Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction (DE# 50, 10/1/08), Defendants' Motion for Relief from Judgment (DE# 51, 10/1/08) and the plaintiff's Motion for Sanctions (DE# 53, 10/3/08) are **DENIED**.

## BACKGROUND

The plaintiff filed the instant action against defendants Diego's Restaurant, Inc., Diego C. Lozano and Sagrario Berreguete for unpaid overtime and minimum wage violations under the Fair Labor Standards Act, 29 U.S.C. §201, et seq ("FLSA").  See Complaint (DE# 1, 6/21/07). On August 2, 2007, the parties consented to magistrate judge jurisdiction and this matter was referred to the undersigned[1] for trial. See Joint Consent to Jurisdiction by a United States Magistrate Judge for Final Disposition (DE# 5, 8/2/07); Referral to Magistrate (DE# 6, 8/7/07).

The parties reached a settlement and on August 7, 2008, the Court conducted a fairness hearing pursuant to Lynn Food Stores v. United States, 679 F.2d 1350, 1352-53 (11th Cir. 1982). See Order Approving Settlement Agreement (DE# 46, 8/7/08). On the same day, the Court issued an Order dismissing the case with prejudice and retaining jurisdiction to enforce the terms of the settlement until October 15, 2008. See Order of Dismissal with Prejudice (DE# 47, 8/7/08). The defendants did not make the scheduled payment and on September 19, 2008, the plaintiff filed Plaintiff's Motion for Final Default Judgment Against Defendants Diego's Restaurant, Inc., Diego C. Lozano and Sagrario Berruguete (DE# 48, 9/19/08). The defendants responded on October 1, 2008. See Defendants' Memorandum in Opposition to Plaintiff's Motion for Default Judgment  (DE# 52, 10/1/08). The plaintiff's reply was filed on October 3, 2008. See Reply in Opposition to Motion for Default (DE# 54, 10/3/08).

---

[1] This matter was initially referred to the Honorable Magistrate Judge Barry L. Garber for trial. On August 8, 2007, Judge Garber issued an Order of Recusal (DE# 7) and the matter was reassigned to the undersigned.

The defendants have filed two motions: Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction (DE# 50, 10/1/08) and Defendants' Motion for Relief from Judgment (DE# 51, 10/1/08). The plaintiff responded to the defendants' motions on October 3, 2008. See Plaintiff's Response in Opposition to Motion to Dismiss (DE# 55, 10/3/08); Plaintiff's Response in Opposition to Motion for Relief from Judgment (DE# 56, 10/3/08). The defendants filed their replies on October 13, 2008. See Defendants' Reply Memorandum to Plaintiff's Opposition to Defendants' Motion to Dismiss (DE# 59, 10/13/08); Defendants' Reply Memorandum to Plaintiff's Opposition to Defendants' Motion for Relief from Judgment (DE# 60, 10/13/08).

The plaintiff has moved for sanctions. See Motion for Sanctions (DE# 10/3/08). The defendants filed their response on October 13, 2008. See Defendants' Memorandum in Opposition to Plaintiff's Motion for Sanctions (DE# 58, 10/13/08). The plaintiff filed his reply on October 16, 2008. See Reply to Opposition to Motion for Sanctions (DE# 61, 10/16/08).

On April 2, 2009, the defendants filed Defendants' Notice of Filing Supplemental Authority (DE# 64, 4/2/09). On April 14, 2009, the Court held a hearing on the instant motions. Following the hearing, the Court provided the defendants with twenty-four hours to file any additional authority on jurisdiction.

## ANALYSIS

**A.  Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction**

The defendants seek to dismiss this action for lack of subject matter jurisdiction. The crux of the defendants' motion is that individual or enterprise coverage is

jurisdictional and that the plaintiff has failed to meet his burden of establishing either form of coverage. According to the defendants, the "[p]laintiff has failed to demonstrate that at any time during the relevant time period, i.e. the time period of employment with the Defendants, Defendants' business activities, or the [p]laintiff's involvement therewith, have somehow affected interstate commerce." See Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction (DE# 50 at 2, 10/1/08).

In the instant case, the parties stipulated on multiple occasions that FLSA jurisdiction had been met. At the deposition of defendant Diego Lozano on February 11, 2008, counsel had the following exchange:

> [Plaintiff's Counsel]: Counsel, just to make this depo as short as possible, it's my understanding that we are stipulating to FLSA jurisdiction, so we don't have to ask any questions about annual income of your clients?
>
> [Defense Counsel]: Yes, that's correct.
>
> [Plaintiff's Counsel]: And no questions about interstate commerce?
>
> [Defense Counsel]: That's correct.

See Deposition of Diego Lozano (DE# 53-2 at 4, 10/3/08). The parties also made these stipulations to the Court. In their pretrial stipulation, the parties made the following representations: "[j]urisdiction is stipulated to and no evidence on interstate commerce or the Defendants' annual gross income will be presented at trial" and "as stipulated, the Court has FLSA jurisdiction in this cause regarding interstate commerce and gross annual income fo the Defendants." See Pretrial Stipulation (DE# 36 at 2 - 3, 7/16/08). The pretrial stipulation was signed by both counsel. Shortly before trial the parties notified the Court that they had reached a settlement. The Court held a fairness hearing on August 7, 2008 and issued an Order Approving Settlement Agreement (DE# 46,

8/7/08). Implicit in the fairness hearing and the Court's approval of the settlement was that the Court had jurisdiction and this matter was settled pursuant to the FLSA.

Federal courts are courts of limited jurisdiction and "[p]arties cannot, by agreement or otherwise, confer jurisdiction on a court." Wolff v. Cash 4 Titled, 351 F. 3d 1348, 1357 (11th Cir. 2003). There is no question that if the matter were a factual dispute, the defendants in the instant case would be bound by counsel's stipulations. "[S]tipulations of attorneys made during trial may not be disregarded or set aside at will . . . [o]nce entered, parties are 'not generally free to extricate themselves . . . unless it becomes apparent that it may inflict a manifest injustice upon one of the contracting parties.'" Chao v. Hotel Oasis, Inc., 493 F. 3d 26, 31-32 (1st Cir. 2007) (citations omitted). The defendants acknowledge as much. See Defendants' Memorandum in Opposition to Plaintiff's Motion for Sanctions (DE# 58 at 3, 10/13/08) (recognizing that "parties can stipulate to facts that would establish the Court's jurisdiction"). Here, the parties stipulated to jurisdiction but did not stipulate to the underlying facts that establish either individual or enterprise coverage. Thus, the issue before this Court is whether the requirement that the defendant's work affect interstate commerce (individual or enterprise coverage) is an element of the plaintiff's claim or jurisdictional in nature.

The issue of whether individual or enterprise coverage is jurisdictional or only a required element of the plaintiff's claim has not been resolved in this Circuit. The Eleventh Circuit in Turcios v. Delicias Hispanas Corp., 275 Fed. Appx. 879, *2 (11th Cir. Apr. 29, 2008) found that "the question of enterprise coverage was intertwined with the merits of an FLSA claim." In Turcios, the district court dismissed the plaintiff's complaint

5

for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). The plaintiff appealed the ruling. On appeal, the Eleventh Circuit reversed the district court holding that the lower court should have applied the Rule 56 summary judgment standard. Id. at *1. The Eleventh Circuit observed that the same operative facts determine whether the plaintiff can recover under the FLSA and the scope of the FLSA's coverage. "In short, the sections of the FLSA that provide the substantive relief, § § 206 and 207, are interwined with and dependent on the section of the FLSA that defines the scope of the FLSA, § 203." Id. at 2. The Eleventh Circuit acknowledged that the First Circuit in Chao v. Hotel Oasis, Inc., 493 F. 3d 26, 33 (1st Cir. 2007) concluded that enterprise coverage was not jurisdictional under the FLSA in light of the Supreme Court's ruling in Arbaugh v. Y&H Corp., 546 U.S. 500 (2006). Id. at * 2 n. 5. Nonetheless, the Eleventh Circuit declined to decide the issue in Turcios because the parties did not dispute the jurisdictional nature of enterprise coverage. Id.

In Chao v. Hotel Oasis, Inc., 493 F. 3d 26, 29 (1st Cir. 2007), the Secretary of Labor brought an FLSA action against the operators of a hotel and restaurant alleging violations of the minimum wage, overtime and record keeping provisions of the FLSA. At a pre-trial conference, the defendants stipulated through counsel that they had gross annual sales of not less than $500,000 as required by 29 U.S.C. § 203(s). Id. The defendants later attempted to withdraw this stipulation and raise the minimum dollar amount as an affirmative defense. Chao, 493 F. 3d at 29. The district court refused the set aside the stipulation and, following a bench trial, entered a judgment in favor of the Secretary of Labor. Id. at 31. On appeal, the defendants argued that the district court should have set aside the stipulation and attacked the subject matter jurisdiction of the

court arguing that the parties could not stipulate to the $500,000 requirement[2] for coverage because it was a jurisdictional requirement of the FLSA. Id. at 32-33. The circuit court, relying on Arbaugh v. Y&H Corp., 546 U.S. 500 (2006), found that this element was not jurisdictional. The court reasoned that the $500,000 requirement for enterprise coverage was an element of the plaintiff's claim and not jurisdictional because "[t]he FLSA places the [$500,000 requirement] in the definitions section of the Act, and does not suggest that the [$500,000 requirement] is jurisdictional." Chao, 493 F. 3d at 33.

The Supreme Court in Arbaugh v. Y&H Corp., 546 U.S. 500 (2006) addressed the issue of whether the numerosity requirement[3] in Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., was jurisdictional or an element of the plaintiff's claim. The Court held that:

> the numerical threshold does not circumscribe federal-court subject-matter jurisdiction.  Instead, the employee-numerosity requirement related to the substantive adequacy of [the plaintiff's] Title VII claim, and therefore could not be raised defensively late in the lawsuit, i.e., after [the defendant] had failed to assert the objection prior to the close of trial on the merits.

Id. at 504. In Arbaugh, the plaintiff brought a sexual harassment lawsuit against her former employer under Title VII and obtained a jury verdict of $40,000. Two weeks after

---

[2] In Chao, the issue was the $500,000 annual gross sales requirement which the Chao court referred to as "annual dollar value" or "ADV"- one of two elements of enterprise coverage.

[3] Section 2000e of Title VII of the Civil Rights Act defines the term "employer" as "a person engaged in an industry affecting commerce who has **fifteen or more employees** for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person . . . ." 42 U.S.C. § 2000e(b) (emphasis added).

7

the trial court entered a judgment on the jury verdict, the defendant moved to dismiss the action for lack of federal subject matter jurisdiction. The defendant raised for the first time the argument that it was not subject to a Title VII lawsuit because it had fewer than 15 employees on its payroll. Id.  In concluding that the numerosity requirement was not jurisdictional, the Court noted that: "when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as non-jurisdictional in character." Id. at 515.

This Court is persuaded by the reasoning in Arbaugh that the requirement that a plaintiff establish individual or enterprise coverage is not jurisdictional. For individual coverage under the FLSA to apply, a plaintiff must show that he or she is (1) engaged in commerce or (2) engaged in the production of goods for commerce. See 29 U.S.C. § 207(a)(1). For enterprise coverage to apply, the enterprise must be engaged in commerce under the statute and must gross over $500,000 annually. See 29 U.S.C. § 203(s)(1)(A)(i)-(ii).[4]  Section 216 of the FLSA states, in part, that "[a]n action . . . may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216 (b). Nothing in section 216(b) or any other provision of the FLSA indicates that Congress intended that the individual coverage or enterprise coverage restrictions be jurisdictional. Accordingly, the Court must apply the bright line rule articulated in Arbaugh and find that individual or enterprise coverage under the FLSA is an element

---

[4] Of note, like the numerosity requirement in Title VII, the enterprise coverage prongs are set forth in the definitions section of the FLSA, 29 U.S.C. § 203.

of a plaintiff's claim for relief, not a jurisdictional threshold. See Arbaugh, 546 U.S. at 516.

Section 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The plaintiff has asserted claims under the FLSA, a federal law. See Complaint (DE# 1, 6/21/07). These claims are neither insubstantial or solely made for the purposes of obtaining subject-matter jurisdiction. "A plaintiff properly invokes § 1331 jurisdiction when he or she pleads a colorable claim 'arising under' the Constitution or laws of the United States." Arbaugh, 546 U.S. at 513 (citing Bell v. Hood, 327 U.S. 678, 681-685 (1946)); see also Brown v. Masonry Products, Inc., 874 F. 2d 1476, 1478 (11th Cir. 1989)(recognizing that "[t]he great weight of authority supports the view that federal district courts, because of their original jurisdiction under 28 U.S.C. § 1337 over claims arising under a law regulating commerce, can entertain a FLSA claim under the Act's civil remedy provision, 29 U.S.C. § 216(b), regardless of the amount in controversy or diversity of citizenship."). Therefore the Court has subject-matter jurisdiction under section 1331's broad grant of jurisdiction or under section 1337.

During the hearing on this motion, the defendants argued that Arbaugh is limited to Title VII claims. The Court disagrees. The Supreme Court did not limit its holding in Arbaugh to Title VII cases. In fact, it articulated a bright line rule that "when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character." Arbaugh, 546 U.S. at 516. Several courts have applied the Arbaugh bright line test in the context of the FLSA. See Chao v. Hotel Oasis, Inc., 493 F. 3d 26, 31-32 (1st Cir. 2007) (relying on Arbaugh and finding that the

9

$500,000 minimum gross sales element of the FLSA was not jurisdictional); Branham v. Halsted Home Rental, LLC, No. 07-1133-M, 2008 WL 1745825, *2 (W.D. OK Apr. 11, 2008) (denying motion to dismiss under Rule 12(b)(1) finding that the FLSA allegations in the amended complaint were elements of the plaintiffs' claims for relief, not a jurisdictional issue); Daniel v. Pizza Zone Italian Grill & Sports Bar, Inc., No. 08:07-cv-2359-T-23TGW, 2008 WL 793660, *1 n. 2 (M.D. Fla. Mar. 24, 2008) ("the FLSA's description of an employee and an enterprise covered by the statute prescribes the elements necessary to state a claim for relief under the FLSA, not the prerequisites to federal jurisdiction); Jiang v. Lee's Happy House, No. C07-03606, 2007 WL 3105087, *3 (N.D. CA Oct. 23, 2007) (finding "there is nothing in the statutory provisions on which the defendants rely that plainly expresses a Congressional intent for those provisions to be jurisdictional. It may very well be that to prevail on his FLSA claim, [the plaintiff] will have to plead and prove the [defendant] falls within those provisions, but the Court has jurisdiction to hear the claim, whether or not [the plaintiff] ultimately can prevail.").

The defendants further argued that cases in this Circuit have been dismissed for lack of subject matter jurisdiction where the plaintiff fails to show individual or enterprise coverage. The defendants cite to a number of cases, such as Dent v. Giaimo, D.O., P.A., No. 08-81191, 2009 WL 762206 (S.D. Fla. Mar. 19, 2009), where the district court purports to dismiss a plaintiff's FLSA claim on jurisdictional grounds. See Defendants' Notice of Filing Supplemental Authority (DE# 64, 4/2/09). As the Supreme Court in Arbaugh noted, "[s]ubject matter jurisdiction in federal-question cases is sometimes erroneously conflated with a plaintiff's need and ability to prove the defendant bound by the federal law asserted as the predicate for relief - a merits-related determination."

Arbaugh, 546 U.S. at 511. Thus, the term "jurisdiction" has been used loosely in many opinions which do not address the specific issue raised in Arbaugh.[5] "Judicial opinions . . . often obscure the issue by stating that the court is dismissing for lack of jurisdiction when some threshold fact has not been established, without explicitly considering whether the dismissal should be for lack of subject matter jurisdiction or for failure to state a claim." Id. (citation and internal quotation marks omitted). As such, the Court is not persuaded by the defendants' case law.

In sum, the Court finds that the individual or enterprise coverage prongs are elements of the plaintiff's claim and are not jurisdictional. Because these are elements of the plaintiff's claim, the defendant was required to raise any attacks on these elements in a timely manner. "[T]he objection that a complaint 'fail[s] to state a claim upon which relief can be granted,' Rule 12(b)(6), may not be asserted post trial." Here, the instant case settled on the eve of the calendar call. The Court held a fairness hearing, approved the settlement and dismissed the case on August 7, 2008. Fifty-five days after the case was dismissed, the defendants filed their motion to dismiss. Under these facts, any motion for failure to state a claim under Rule 12(b)(6) is untimely. Additionally, the defendants waived the right to assert any affirmative defenses to individual or enterprise coverage by stipulating that these elements were met. See Chao v. Hotel Oasis, Inc., 493 F. 3d 26, 33 (1st Cir. 2007) (finding no abuse of

---

[5] One of the cases cited by the defendants as supplemental authority, Galdames v. N&D Investment Corp., No. 08-20472, 2008 WL 4372889, * 1 n. 1 (S.D. Fla. Sept. 24, 2008), declined to consider a defendant's motion to dismiss under 12(b)(1) noting that "jurisdiction is not at issue . . . . [t]he complaint, which pleads colorable claims under the FLSA, properly invokes federal subject matter jurisdiction under 28 U.S.C. § 1331." (citation omitted).

discretion in district court's decision to hold the defendants to their stipulation that the $500,000 gross annual sales element had been met).

Based on the foregoing, the Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction (DE# 50, 10/1/08) is **DENIED**.

**B.     Plaintiff's Motion for Final Default Judgment Against Defendants**

The Plaintiff's Motion for Final Default Judgment Against Defendants (DE# 48, 9/19/08) seeks to enforce the settlement agreement. Under the terms of the settlement agreement, the defendants were required to make a $30,000 payment by September 12, 2008. The settlement agreement further provided that if the defendant failed to make this payment, the plaintiff could obtain a default judgment in the amount of $50,000.  The defendant failed to make the requisite payment on September 12, 2008. Accordingly, the Plaintiff's Motion for Final Default Judgment Against Defendants (DE# 48, 9/19/08) is **GRANTED**. The Court will issue a final default judgment in the amount of $50,000 in favor of the plaintiff and against the defendants in a separate order.

**C.     Defendants' Motion for Relief from Judgment**

The defendants seek relief from the Court's August 7, 2008 Order of Dismissal with Prejudice (DE# 47). See Defendants' Motion for Relief from Judgment (DE# 51, 10/1/08). The basis for the defendants' motion is that is Court lacks subject matter jurisdiction and therefore the Order of Dismissal is void as a matter of law. Id. at 1 -2. Because the Court has already determined that it has jurisdiction over the plaintiff's FLSA claims, the Court will deny the defendants' motion. The Court's August 7, 2008 Order of Dismissal remains in effect.

**D.     Plaintiff's Motion for Sanctions**

The plaintiff seeks sanctions against the defendants for failing to honor the settlement agreement. See Motion for Sanctions (DE# 53 at 1, 10/3/08). The Court is troubled by the defendants' behavior in the instant case. Parties are bound by the actions of their attorneys and as officers of the Court, the Court should be able to rely on the representations of counsel. It is essential to the function of the Court that it be able to rely on the representations of counsel. The Court relies on the parties' stipulations to expedite the proceedings and avoid trying every collateral issue.

It appears to the Court that the defendants may have acted in bad faith. There is no evidence before the Court that the defendants' prior counsel was not authorized by his clients to stipulate to FLSA jurisdiction or that the stipulation was a result of a mistake or miscommunication. The defendants made a calculated decision to stipulate to interstate coverage in the instant case. The defendants then agreed to settle this matter with the plaintiff to avoid trial. It was only after the defendants failed to make the scheduled payment that the defendants sought to undermine their agreement with the plaintiff by attacking the jurisdiction of this Court. While the case law allows the defendants to challenge the Court's jurisdiction at any point in the proceedings, the defendants' decision to agree to interstate coverage throughout the discovery period and raise the issue only after it failed to meet its payment obligation under the settlement agreement suggests to the Court that the defendants engaged in vexatious litigation tactics and evidenced a complete disregard for the judicial resources of this Court.

While the Court is troubled by the defendants' actions, the Court will exercise its discretion in denying the plaintiff's motion for sanctions. The plaintiffs' motion seeks sanctions for discovery violations under Fed. R. Civ. P. 37 which is inappropriate under the facts of this case. The Court finds that sanctions under 28 U.S.C. § 1927 are equally inapplicable since the defendants are permitted to attack the Court's jurisdiction at any point in the proceedings. Moreover, the Court does not find bad faith on the part of the defendants' new counsel who promptly raised the jurisdictional issue once he appeared in the case.

## **CONCLUSION**

The Court finds that the individual or enterprise coverage elements of the plaintiff's case and are not jurisdictional. As such, counsel's representations stipulating that these elements were met is binding on the parties. Alternatively, because these elements are not jurisdictional, the defendant is precluded from raising them at this late stage after the parties reached a settlement and the Court approved that settlement. Because this Court has jurisdiction over the plaintiff's FLSA claims, the Court will grant the plaintiff's motion for final default judgment. The defendants' motion to dismiss and motion for relief from judgment are denied. The plaintiff's motion for sanctions is denied.

DONE AND ORDERED in Chambers at Miami, Florida, this **15th** day of April, 2009.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
All counsel of record